UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER MAGALHAES, an individual

      Plaintiff,

v.                                                         Case No: 2:21-cv-19-SPC-NPM

MOORE PROPERTY MANAGEMENT, LLC,

      Defendant.
_____/

# **OPINION AND ORDER**[1]

Before the Court is Defendant Moore Property Management, LLC's Motion for Summary Judgment (Doc. 12), along with Plaintiff Jennifer Magalhaes' response in opposition (Doc. 15).[2] For the below reasons, the Court denies the motion.

About three months ago, Plaintiff sued Defendant for disability discrimination under the Americans With Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). (Doc. 1). She claims Defendant unlawfully

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Defendant has elected not to reply under Local Rule 3.01(d), and the time to do so has expired.

fired her because she requested days off as a reasonable accommodation for her broken elbow. Defendant contemporaneously answered the Complaint and moved for summary judgment. (Doc. 11; Doc. 12). The motion is at issue.

Defendant argues that it is not a covered employer under the ADA and FCRA because it employs less than the requisite fifteen individuals. As support, it attaches the affidavit of its independent certified public accountant who says Defendant employed twelve people during the relevant period. (Doc. 12-1). Plaintiff opposes the motion as premature.

After reviewing the record and applicable law, the Court has three reasons to deny the motion. First, the motion does not pass Federal Rule of Civil Procedure 56(d). That rule says a court may, among other things, deny a motion for summary judgment if the nonmovant shows by affidavit it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Here, Plaintiff submits an affidavit attesting that Defendant employed over fifteen people during the relevant time. She knows so because of her former position as an accounts receivable specialist. (Doc. 15-1 at 1, ¶ 4). Plaintiff also names several individuals who work for Defendant that Defendant did not include in its representation of employing only twelve people. (Doc. 15-1 at 2, ¶¶ 6-7). Plaintiff also attaches a report from the Florida Secretary of State's Division of Worker's Compensation that shows Defendant employs twenty-three workers as of two months ago. At a minimum, questions of fact remain as to

how many employees Defendant employed—Plaintiff says at least over twenty and Defendant says no more than twelve. Discovery is needed to flesh out this issue. So, at this early stage of litigation, the Court finds the motion for summary judgment to be premature.

Second, the Court rejects Defendant's passing argument it lacks subject matter jurisdiction because Defendant is not a covered employer. It is settled law that the numerical threshold enumerated in the ADA's definition of "employer" is not a prerequisite to subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 509, 516 (2006) (holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"); *Aparicio v. Creative Glass Prod., Inc.*, No. 2:14-CV-467-FTM-38DNF, 2014 WL 5590823, at \*2 (M.D. Fla. Nov. 3, 2014) ("This Court has subsequently cited *Arbaugh* for the proposition that the ADA's numerical employee threshold is also not a jurisdictional issue."); *Powers v. Avondale Baptist Church*, No. 3:06CV363J33MCR, 2007 WL 2310782, at \*2 (M.D. Fla. Aug. 9, 2007) ("While Title VII and ADA have numerical employee thresholds, these thresholds are not the properly considered in a Rule 12(b)(1) motion challenging the Court's jurisdiction"). Defendant is thus not entitled to summary judgment on its jurisdictional argument.

Third, Defendant's motion does not comply with the Court's summary judgment procedure. Each motion for summary judgment must include a specifically captioned section titled, "Statement of Material Facts," that lists each material fact alleged not to be disputed in separate, numbered paragraphs.[3] Failure to follow this procedure is grounds alone for dismissing a motion for summary judgment without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Moore Property Management, LLC's Motion for Summary Judgment (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] The Court's procedure is found on the undersigned's website and in the standard Case Management and Scheduling Order.